## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**IEMFS, Ltd., d/b/a FLEXX,**
**an Ohio Corporation**

        Plaintiff,

    -vs-                                                 Case No. 15-C-917

**ECOMONY LIFT RENTALS, LLC, a**
**Wisconsin limited liability company, and**
**SUSAN SUGRUE, a Wisconsin citizen,**

        Defendants.

## DECISION AND ORDER

This matter comes before the Court on the IEMFS, Ltd., d/b/a Flexx dual motion for a temporary restraining order and for a preliminary injunction. Both requests are based upon the allegation that Economy Lift Rentals, LLC defaulted on a Master Lease Agreement for the lease of 239 commercial scissor and boom lifts. According to Flexx, Economy owes $585,390.50 as of July 1, 2015, exclusive of costs and charges. Flexx has made repeated demand for the return of the equipment pursuant to the default provisions of the lease agreement, but Economy has refused to comply.

The Court will confine its present discussion to Flexx's request for a temporary restraining order. Flexx requests an order compelling Economy

and its managing member, Susan Sugrue, to provide any and all records that establish the location of the equipment on or before the close of business on Tuesday, August 4, 2015.

In determining whether to grant preliminary injunctive relief, the Court must determine whether the moving party has demonstrated (1) some likelihood of success on the merits of the underlying claim; (2) the absence of an adequate remedy at law; and (3) the suffering of irreparable harm if preliminary relief. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012). The standards for issuing a temporary restraining order are identical to those for a preliminary injunction. *Long v. Bd. of Educ., Dist. 128*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001).

The Court finds that the relevant factors are present in the instant case. Flexx is likely to succeed because it appears that Economy is in default and Flexx has a clear contractual right to repossess its own property. Moreover, the only way that Flexx can recover its property is through access to Economy's business records. Therefore, the normal legal remedies are inadequate, and Flexx would suffer irreparable harm if Economy was not ordered to assist in locating Flexx's lifts.

Finally, Flexx explains that it has a reasonable fear, based upon

defendants' conduct in the past several months, that if defendants are notified in advance of the entry of the requested TRO, they will move, sell, re-rent, collect rents or otherwise take actions that will interfere with Flexx's right to repossess its lifts. The Court agrees with this assessment, especially since Economy has refused to assist Flexx in locating the equipment or identifying the customers to whom Economy has rented the equipment. Therefore, the requested TRO will issue. Fed. R. Civ. P. 65(b)(1)(A), (B) (a TRO can issue without notice only if specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury will result to the movant before the adverse party can be heard in opposition, and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Flexx's motion for a temporary restraining order [ECF No. 3] is **GRANTED**. On or before the close of business on Tuesday, August 4, 2015, Economy Lift Rentals, LLC and Susan Sugrue must provide any and all records that establish the location of the Equipment (approximately 239 boom and scissor lifts) including, but not limited to, all rental agreements, invoices, receipts for payment, billing records, check registers, customer

lists, service records, warehouse agreements or leases, insurance policies and records, phone records, bank statements, accounting records, sales records, tax records, and electronic records and files created, maintained, or received by Economy and/or Susan Sugrue for and during the years 2014 and 2015;

2. Briefing on Flexx's motion for a preliminary injunction will proceed as follows: Response brief due on or before **August 12, 2015**; reply brief due on or before **August 19, 2015**. The Court will review the briefs and decide if oral argument or a hearing is necessary to resolve the motion.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2015.

                                      **BY THE COURT:**

                                      _____

                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**

- 4 -

Case 2:15-cv-00917-PP   Filed 08/03/15   Page 4 of 4   Document 7