UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IEMFS, LTD., d/b/a FLEXX,

    Plaintiff,

v.                                                        Case No. 15-cv-917-pp

ECONOMY LIFT RENTALS, LLC., et al.,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL DEPOSITION TESTIMONY OF PLAINTIFF'S CORPORATE REPRESENTATIVE (DKT. NO. 85)**

---

On September 8, 2017, the defendants filed this expedited, non-dispositive motion under Civil L.R. 7(h) to compel deposition of the plaintiff's corporate representative under Federal Rule of Civil Procedure 30(b)(6). Dkt. No. 85. The plaintiff responded on September 15, 2017, dkt. no. 87, and after the court granted leave for the defendants to file a reply brief, the defendants replied on September 22, 2017, dkt. no. 90. The court grants the motion.

On July 5, 2017, after the parties notified the court that mediation had been unsuccessful, the court held a status conference. Dkt. No. 83. At the hearing, counsel for Michael Webber and James J. Webber Jr.—who was new to the case as of May 2017—told the court that he would need to conduct some additional discovery by deposing some FLEXX witnesses. Id. Specifically, counsel indicated that he wanted to depose two FLEXX representatives. Id. Counsel for the plaintiff objected, stating that he opposed "reopening" fact

1

discovery. The court pointed out that under its October 21, 2016 scheduling order, fact discovery remained open until July 28, 2017; thus, the period for conducting fact discovery had not closed. The court extended the deadline for completing discovery to the end of the day on October 13, 2017. Id.

In the current Rule 7(h) motion to compel, the defendants state that on August 18, 2017, they served the plaintiff with a notice of deposition under Fed. R. Civ. P. 30(b)(6). Dkt. No. 85 at 1. The notice indicated that the deposition would take place on September 6, 2017. Dkt. No. 86-1 at 2. On August 30, 2017—a week before the scheduled deposition—the plaintiff objected by letter, indicating that a corporate representative of IEMFS may not exist. Dkt. No. 85 at 1. On the afternoon of September 5, 2017, counsel for the plaintiff told defense counsel that no one would be attending the September 6 deposition, and that he might be seeking a protective order. Id. The defendants filed this motion two days later, asking the court to compel the plaintiff to produce a witness for a Fed. R. Civ. P. 30(b)(6) deposition, to award the defendants the costs and fees incurred in relation to bringing this motion, and to modify the scheduling order to account for the delay. Id.

The plaintiff opposed the motion on several grounds. Dkt. No. 87. First, the plaintiff argued that the notice of deposition was overly broad, because the defendants sought twenty-one categories of information. Dkt. No. 87 at 1. Second, the plaintiff contended that the defendants sought information that they already had obtained through their November 2016 depositions of two of the plaintiff's managers, Tim D'Anza and John Gaughan. Id. at 3. Finally, the

plaintiff contended that, at the July 5, 2017 status conference, defense counsel had not indicated that he intended to conduct a deposition of a Rule 30(b)(6) witness. Id.

Rule 30(b)(6) provides that, upon notice that describes "with reasonable particularity the matters for examination[,] the named organization must . . . designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]" Here, the defendants issued a timely notice of deposition; the notice was served August 18, 2017, for a September 6, 2017 deposition. The defendants served a notice that described, with particularity, the matters on which the defendants wanted to examine the representative. The defendants served the notice almost two months before the October 13, 2017 close of discovery, and almost three weeks before the date set for the deposition. The defendants' notice complied with the requirements of Rule 30(b)(6).

It appears that the plaintiff waited some two weeks after receiving the deposition notice. It then sent a letter of objection to defense counsel, arguing that (a) the defendants could obtain the information they sought from the two witnesses they'd already deposed, (b) the notice contradicted defense counsel's statement at the July 5, 2017 status conference, and (c) Flexx no longer existed as a going concern "in the business model that it maintained at the time of the filing of this lawsuit," and thus that "it [was] likely that there [would] be no Rule 30(b)(6) witness" who could provide the testimony the defendants identified in the notice. Dkt. No. 86-2 at 1-2. The defendants declined to

3

withdraw the notice of deposition, and on August 31, 2017, counsel for the plaintiff said that they'd get back to counsel for the defendants the next day (September 1, 2017). Dkt. No. 85 at 2.

By September 5, 2017—the day before the scheduled deposition—the plaintiff had not gotten back to the defendants, so defense counsel reached out. That afternoon, counsel for the plaintiff responded that there would be no witness appearing at 9:00 a.m. the next day, and that counsel "was not sure" whether he'd be seeking a protective order. The court did not receive either a motion to quash or a motion for a protective order prior to 9:00 a.m. on September 6, 2017.

The court first notes that the plaintiff could have, at any time prior to 9:00 a.m. on September 6, 2017, filed either motion. Had the plaintiff done so, the court could have considered the plaintiff's objections before the defendants prepared for the deposition, and before they likely arranged for a court reporter. Instead, to use somewhat dated parlance, the plaintiff "blew off" the deposition, and forced the defendants to file (two days after the aborted deposition) this motion to compel. The Federal Rules of Civil Procedure provide parties with procedures for timely objecting to discovery demands, designed to avoid a situation like this one.

Now—after the fact, and in response to a motion to compel—the plaintiff argues to the court that the deposition notice was overbroad in the information that it sought, and that the defendants already had the information that a Rule 30(b)(6) witness would provide through depositions of other witnesses. The

4

plaintiff cites Milwaukee Elec. Tool Corp. v. Chevron North America, Inc., No. 14-CV-1289-JPS, 2015 WL 4393896, at *5 (E.D. Wis. July 16, 2015) in support of its argument that Rule 30(b)(6) is designed to streamline, not unduly prolong, the discovery process. The case stands for that proposition. Interestingly, however, the district court in Milwaukee Electric Tool Corp. *denied* the plaintiffs' motion for a protective order based on similar arguments to those the plaintiff makes here. Judge Stadtmueller rejected the argument that the deposing party could have gotten the information it sought in other ways: "Parties to litigation do not have to accept their opponent's statement that all relevant evidence has been produced via a given discovery vehicle . . . ." Milwaukee Elec. Tool Corp., 2015 WL 4393896 at *5 (citing Iris Corp. Berhad v. United States, 84 Fed. Cl. 489, 493 (Fed. Cl. 2008)).

With regard to the plaintiff's argument that at the July 5, 2017 status conference, counsel for the defendant did not expressly state that he would be seeking to depose a Rule 30(b)(6) representative: Defense counsel indicated at that hearing that he wanted to conduct some additional discovery, and specifically indicated that he wanted to depose some FLEXX witnesses. Indeed, defense counsel specifically indicated that he wanted to depose to FLEXX representatives. A Rule 30(b)(6) representative from FLEXX is both a FLEXX witness and a FLEXX representative. The court is somewhat mystified by the plaintiff's apparent belief that defense counsel committed himself to deposing only two witnesses, or that he committed himself to deposing only specific witnesses. Further, the court extended the deadline for *all* discovery; *the court*

did not place limits on what discovery the parties could seek, or who they could depose. Dkt. No. 83.

The court **GRANTS** the defendants' expedited, non-dispositive Civil L.R. 7(h) motion to compel deposition testimony of the plaintiff's corporate representative. Dkt. No. 85. The court **EXTENDS** the deadline for completing all discovery to **November 30, 2017**. The court further **EXTENDS** the deadline for filing dispositive motions to **January 12, 2018**. The response and reply deadline mandated by the local rules shall apply.

The court **ORDERS** that, by the end of the day on **Friday, October 27, 2017**, the plaintiff shall file a pleading, explaining why the court should not require the plaintiff to pay the defendants' reasonable costs incurred in filing the motion (including attorneys' fees), as mandated by Fed. R. Civ. P. 37(a)(5).

Dated in Milwaukee, Wisconsin this 10th day of October, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER
United States District Judge**